Andre L. Verdun (SBN 265436)
**CROWLEY LAW GROUP**
401 West "A" Street, Ste. 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
AndreVerdun@CrowleyLawGroup.com

Eric A. LaGuardia (SBN 272791)
**LAGUARDIA LAW**
3245 University Ave, #1
San Diego, CA 92104
Tel.  (619) 655-4322
Fax.  (619) 655-4344
eal@laguardialaw.com

Attorneys for Plaintiff
MIGUEL A. ESPARZA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MIGUEL A. ESPARZA,** an individual**,** | Case #:  **'14CV1258 WQHJLB** |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES** |
| | **DEMAND FOR JURY TRIAL** |
| **MCT GROUP INC., SAN DIEGO COUNTY CREDIT UNION** and **DOES 1 through 10**, inclusive, | |
| Defendants. | |

-1-

**COMPLAINT FOR DAMAGES**

*Esparza v.MCT, et al*

## INTRODUCTION

1. MCT Group Inc. illegally charged Miguel A. Esparza interest on a debt they were hired to collect on behalf of a bank, San Diego County Credit Union. Since the original creditor opted to waive interest once the debt was in default, MCT Group Inc. was without a right to collect interest. Moreover, since MCT Group, Inc. operated at the direction and control of San Diego County Credit Union, San Diego County Credit Union is responsible for the actions of their agent, MCT Group, Inc.

2. MCT Group Inc. claimed it was charging an interest rate on the balance they were attempting to collect in the amount of 12%, though in reality, MCT was charging an interest rate much higher.

## PARTIES

3. Plaintiff, MIGUEL A. ESPARZA ("plaintiff", "plaintiffs", or "ESPARZA") is, and at all times herein mentioned was, a natural person who resides in the City of Chula Vista, County of San Diego, and State of California. He is a "person" as defined by and protected under California Civil Code 1788.2(g) and a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

4. MCT Group, Inc. ("Defendant" or "MCT") is, and at all times herein mentioned was, on information and belief, a corporation which lawfully conducts business in the State of California. Defendant is a debt collector as defined by California Civil Code 1788.2(c) and the federal Fair Debt Collection Practices Act, 15 U.S.C. 1692.

5. SAN DIEGO COUNTY CREDIT UNION ("Defendant" or "SDCCU") is, and at all times herein mentioned was, on information and belief, a corporation which lawfully conducts business in the State of California. Defendant is a creditor as defined by California Civil Code 1788.2(c).

**COMPLAINT FOR DAMAGES**

*Esparza v.MCT, et al*

SDCCU is also responsible under the Fair Debt Collection Practices Act under the theory of respondent superior.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1-10 inclusive, are unknown to plaintiff who, therefore, sues said defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said defendants is responsible in some manner for the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

8. Since Defendants conduct business within the State of California, personal jurisdiction is established in this Court.

9. Venue is proper pursuant to 28 U.S.C. 1391.

## FACTUAL ALLEGATIONS

10.    Plaintiff opened a consumer credit account with SDCCU. The credit card was used, and intended to be used primarily for personal, family and household purposes.

11.    Plaintiff defaulted on the consumer credit account. Plaintiff continued to make payments on the account after it was in default, and SDCCU stopped charging interest on the defaulted balance. Though some initial payments were made, Plaintiff again stopped paying on the account.

12.    Plaintiff attempted to again resume payment efforts on the account, but SDCCU told Plaintiff that the account had been transferred to

**COMPLAINT FOR DAMAGES**

*Esparza v.MCT, et al*

MCT and that Plaintiff would have to deal with MCT to settle his SDCCU account.

13.    Plaintiff contacted MCT and MCT told Plaintiff that his account balance was $8,578.79. Plaintiff was told that he was being charged interest in the amount of 12%. Of the alleged balance, $6,051.01 was represented as the principal and $2,527.78 as interest. Plaintiff was told he was being charged simple interest.

14.    Plaintiff agreed to make monthly payments in the amount of $150. He made the first payment on June 15th, 2012 in the amount of $150. Plaintiff made a monthly payment every month starting June 15th, 2012 until the time of this filing, except in months when Plaintiff made a payment in a larger amount.

15.    The accrued interest over 21 months on $8578.79 is $1801.55 (multiply 8578.79 × 0.12 × 1.75). The actual amount would be a lot less, however, since this amount does not take into account the application of payments made by Plaintiff to the amount owed.

16.    Over the same 21 month period, Plaintiff made in excess of $3150 in payments.

17.    As of March of 2014, MCT is collecting a total balance of $6,317.84. MCT claims that of the $6,317.84, Plaintiff owes a principal balance of $2,736.01 and interest in the amount of $3,581.83.

18.    This amount is in excess to the amount Plaintiff owed. Also, since SDCCU had forgone the collection of interest against Plaintiff when the account went into default, neither SDCCU nor MCT had a legal right to collect interest in any amount.

19.    Through attempting to collect more than Plaintiff owed, including interest, Defendants used a false, deceptive, or misleading

**COMPLAINT FOR DAMAGES**

*Esparza v.MCT, et al*

representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

20.    Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A).

21.    Through this conduct, Defendants were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendants violated 15 U.S.C. § 1692f(1).

22.    Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

23.    MCT is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

24.    Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

25.    Defendants are included in the class of entities whose debt collection activities are regulated under California Civil Code section 1788 et seq, as defined by California Civil Code § 1788.2(c).

26.    Plaintiff is a "person" as defined by California Civil Code § 1788.2(g).

27.    Plaintiff is a "debtor" as defined by California Civil Code § 1788.2(h).

**COMPLAINT FOR DAMAGES**

*Esparza v.MCT, et al*

28.     This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction.  As such, this action arises out of a "consumer debt" as those terms are defined by California Civil Code § 1788.2(f).

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

29.     Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.  The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

30.     As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

31.     Plaintiff repeats, re-alleges, and incorporates by reference, all other Paragraphs.

32.     The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each

-6-

COMPLAINT FOR DAMAGES

*Esparza v.MCT, et al*

and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

33.     As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

## COUNT III
## NEGLIGENCE

34.     Plaintiff incorporates by reference the above paragraphs as though fully stated herein below.

35.     Defendants' outrageous, abusive and intrusive acts as described herein constituted negligence.

36.     Defendants negligently inflicted emotional distress.

37.     Defendants breached a duty imposed and failed to exercise ordinary care.

38.     Defendants owed Plaintiff a duty to refrain from unlawful debt collections (California Civil Code §1788 et seq.) and unlawful telephone conduct (Penal Code §653m) and the Telephone Consumer Protection Act.

39.     The breach of such duty proximately caused injury to Plaintiff.

40.     The injury resulted from an occurrence the nature of which these statutes were designed to protect Plaintiff from.

41.     Plaintiff is a member of the class of persons the statutes were designed to protect.

///

///

**COMPLAINT FOR DAMAGES**

*Esparza v.MCT, et al*

42.    Defendants' conduct, as described herein, was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner.

43.    Defendants negligently trained, supervised, and retained, its employees and agents.

44.    Defendants' wrongful conduct as described herein actually and proximately caused the Plaintiff severe and serious emotional distress in that the Defendants wrongful conduct has caused harm as described above.

45.    It is clearly foreseeable that Defendants' actions as described herein could cause harm, including severe and serious emotional distress

46.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial. Defendants' wrongful conduct as described herein actually and proximately caused the Plaintiff's harm as noted above.

47.    Defendants acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendants acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

48.    On information and belief, Defendants' officers, directors or managing agents authorized or ratified the wrongful acts herein.

49.    On information and belief, Defendants' officers, director's or managing agents are personally guilty of oppression, fraud or malice.

## **PRAYER FOR RELIEF**

50.    WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

**COMPLAINT FOR DAMAGES**

*Esparza v.MCT, et al*

1  • An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2  • An award of statutory damages of $1,000.00 pursuant to 15 U.S.C.

3  § 1692k(a)(2)(A);

5  • An award of costs of litigation and reasonable attorney's fees,

6  pursuant to 15 U.S.C. § 1692k(a)(3)

7  • An award of actual damages pursuant to Cal. Civ. Code §

8  1788.30(a);

9  • An award of statutory damages of $1,000.00 pursuant to Cal. Civ.

10  Code § 1788.30(b);

11  • An award of costs of litigation and reasonable attorney's fees,

12  pursuant to Cal. Civ. Code § 1788.30(c).

13  • Punitive damages;

14  • Any other relief that the court deems proper.

15

16  Dated: **May 21, 2014**                  ___s/ Eric LaGuardia____

17                                           Eric A. LaGuardia,

18                                           Andre L. Verdun

19                                           Attorneys for Plaintiff
                                             **MIGUEL A. ESPARZA**

20                    **DEMAND FOR JURY TRIAL**

21      **NOW COMES** Plaintiff, MIGUEL A ESPARZA, by and through him

22  attorney, Andre L. Verdun and hereby demands a trial by jury in the above-

23  captioned matter.

24

25  Dated: **May 21, 2014**                  ___s/ Eric LaGuardia____

26                                           Eric A. LaGuardia,

27                                           Andre L. Verdun

28                                           Attorneys for Plaintiff
                                             **MIGUEL A. ESPARZA**

-9-

**COMPLAINT FOR DAMAGES**

*Esparza v.MCT, et al*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

Miguel A. Esparza

**(b)**  County of Residence of First Listed Plaintiff     San Diego, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Eric LaGuardia, 3245 University Ave, #1
San Diego, CA  92104
Tel: 619-655-4322

## DEFENDANTS

MCT Group, Inc., San Diego County Credit Union

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

'14CV1258 WQHJLB

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                              *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury  - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding
☐ 2   Removed from State Court
☐ 3   Remanded from Appellate Court
☐ 4   Reinstated or Reopened
☐ 5   Transferred from Another District *(specify)*
☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §§ 1681 et seq.
Brief description of cause:
Debt Collecting in violation of federal and state statutes

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
05/21/2014

SIGNATURE OF ATTORNEY OF RECORD
s/Eric LaGuardia

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.